# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL McCULLOUGH, | CIVIL ACTION NO. 3:14-123 |
| Plaintiff, | JUDGE KIM R. GIBSON |
| v. | |
| DEREK PEEPLES, HORIZON FREIGHT SYSTEM, INC., RANDALL S. McMURTY and THERESA JUNG t/d/b/a TJ TRANSPORT, | |
| Defendants. | |

## MEMORANDUM OPINION

**I.    Synopsis**

This diversity case arises from personal injuries sustained by Plaintiff Michael McCullough following a traffic accident. Presently before the Court is a motion to dismiss (ECF No. 9) Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed by Defendants Derek Peeples and Horizon Freight System, Inc. (collectively "Defendants").[1] Defendants contend that Plaintiff's complaint fails to state a claim upon which relief can be granted for negligence, and, in the alternative, that the complaint fails to state a claim for punitive damages. (*See* ECF No. 9). Plaintiff opposes the motion. (*See* ECF No. 23). For the reasons stated below, Defendants' motion to dismiss will be denied in part and granted in part.

---

[1] Defendants Randall S. McMurtry and Theresa Jung responded to the complaint by filing an answer, and they are not involved in the pending motion to dismiss. Therefore, all references to "Defendants" in this memorandum opinion are to Defendants Peeples and Horizon only, and not to Defendants McMurtry and Jung.

## II. Jurisdiction

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(b).

## III. Background

Plaintiff initiated this case after sustaining injuries from a multi-vehicle traffic accident that occurred on State Route 22 in Jackson Township, Cambria County, Pennsylvania. (ECF No. 1 ¶ 10). The Court accepts the following allegations from the complaint as true for the sole purpose of deciding the pending motion. On February 3, 2014, while Defendant Derek Peeples ("Peeples") was operating an 18 wheel semi-trailer truck owned by Defendant Horizon Freight System, Inc. ("Horizon") in a westbound lane of State Route 22, the truck "jackknifed," blocking the westbound lanes of State Route 22. (*Id.* ¶¶ 10, 11).

Shortly after Defendant Peeples' truck jackknifed, Plaintiff, who was operating a snow plow owned by the Pennsylvania Department of Transportation, observed Peeples' truck jackknifed across the westbound lanes of State Route 22 and brought the snow plow to a complete stop. (*Id.* ¶ 12). Shortly after coming to a complete stop, Plaintiff's snow plow was struck in the rear by an 18 wheel semi-trailer truck operated by Defendant Randall McMurty ("McMurty") and owned by Defendant Theresa Jung t/d/b/a TJ Transport ("Jung"). (*Id.* ¶ 13). The force of the impact caused the snow plow to overturn. (*Id.* ¶ 14). As a result of the accident, Plaintiff sustained numerous injuries. (*Id.* ¶ 2).

2

On June 12, 2014, Plaintiff filed a four-count complaint, asserting a claim for negligence and a claim for punitive damages against each of the four defendants. (*Id.* ¶¶ 15-40). On August 8, 2014, Defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6). (ECF No. 9). Defendants contend that Counts I and II of the complaint should be dismissed because Plaintiff has failed to allege proximate causation between Defendants' conduct and Plaintiff's injuries. (*Id.*). Alternatively, Defendants argue that the punitive damages claims in Counts I and II should be dismissed because Plaintiff's claims are for ordinary negligence. (*Id.*). Both parties have submitted briefs, and the matter is now ripe for disposition. (*See* ECF Nos. 10, 23).

IV.     **Standard of Review**

Defendants have moved to dismiss Counts I and II of Plaintiff's complaint pursuant to Rule 12(b)(6). (*See* ECF No. 9). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal

3

conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "plausible claim for relief." *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "detailed factual allegations." *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 263 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral or explicitly relied on in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such

4

amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

**V.     Discussion**

Defendants seek dismissal of Count I—which asserts a claim for negligence and a claim for punitive damages against Defendant Peeples—and Count II—which asserts a claim for negligence and a claim for punitive damages against Defendant Horizon—of Plaintiff's complaint. Because both Counts involve similar claims, the Court will first address the negligence claims against both Defendants and then will address the punitive damages claims against both Defendants.

   **A.  Negligence Claims**

Regarding Plaintiff's negligence claims, Defendants assert that the negligence claims should be dismissed as a matter of law because their conduct was not the proximate cause of Plaintiff's injuries. (*See* ECF No. 10 at 2). Defendants argue that Defendant Peeples' conduct was too remote in time from the occurrence of Plaintiff's injuries, that Plaintiff's injuries were not a foreseeable result of Defendants' conduct, that Defendants' conduct was not "in continuous and active operation up to the time of the harm," and that Defendant McMurtry's conduct was a superseding cause, without which, Plaintiff's injuries would not have occurred. (ECF No. 10 at 4).

To state a claim for negligence under Pennsylvania law, a party must allege four elements: a duty or obligation recognized by law; a breach of that duty; a causal connection between the actor's breach of the duty and the resulting injury; and actual loss

or damage suffered by the complainant. *See Lux v. Gerald E. Ort Trucking, Inc.*, 887 A. 2d 1281, 1286 (Pa. Super. 2005). In the present case, Defendants contend that Plaintiff has failed, as a matter of law, to allege the existence of the causation element, arguing that their conduct was not the "legal cause of Plaintiff's alleged harm." (ECF No. 10 at 4). The parties are not presently disputing the other elements.

To establish the causation element in a negligence claim, a plaintiff must allege that the defendant's breach of his legal duty was both the proximate and actual cause of injury. *Reilly v. Tiergarten Inc.*, 633 A. 2d 208, 210 (Pa. Super. 1993). Thus, a plaintiff must show the existence of two types of causation: cause in fact ("but for cause") and legal cause ("proximate cause"). *Kalgren v. Huber*, No. 3:2005-cv-7, 2007 WL 674605, at *4 (W.D. Pa. Mar. 1, 2007) (citing *Summers v. Giant Food Stores, Inc.*, 743 A. 2d 498, 509 (Pa. Super. 1999)). Cause in fact is "proof that the alleged injury would not have occurred 'but for' a certain act or presence of a condition and has been described as a *de minimus* standard that is separate and apart from the legal causation standard of being a 'substantial factor.'" *Kalgren*, 2007 WL 674605, at *4 (citing *Mahon v. W.C.A.B.*, 835 A. 2d 420, 428-29 (Pa. Commw. 2003) and *Takach v. B.M. Root Co.*, 420 A. 2d 1084, 1086-87 (Pa. Super. 1980)). In the present case, Defendants contest only the existence of legal, or proximate, causation, asking the Court to exercise its "gate-keeper function with respect to causation." (*See* ECF No. 10 at 2, 5).

Pennsylvania courts have defined proximate causation as a "wrongful act which was a substantial factor in bringing about the plaintiff's harm." *Dudley v. USX Corp.*, 606 A. 3d 916, 923 (Pa. Super. 1992) (citations omitted). "Proximate cause does not exist when

6

the causal chain of events resulting in plaintiff's injury is so remote as to appear highly extraordinary that the conduct could have brought about the harm." *Id*. When determining whether legal causation exists, a court must consider "whether the negligence, if any, was so remote that as a matter of law, [the actor] cannot be held legally responsible for [the] harm which subsequently occurred." *Reily v. Tiergarten Inc.*, 633 A. 2d 208, 210 (Pa. Super. 1933) (citations omitted). Thus, the Court must determine "whether the injury would have been foreseen by an ordinary person as the natural and probable outcome of the act complained of." *Id*. (citing *Merritt v. City of Chester*, 496 A. 2d 1220, 1221 (Pa. Super. 1985)).

A party's negligence is the proximate cause of another's injury if: "(a) his conduct is a substantial factor in bringing about the harm, and (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has result in harm." *Kalgren*, 2007 WL 674605, at *4-5 (citing *Wisniewski v. Great Atlantic & Pacific Tea Co.*, 323 A. 2d 744, 748 (Pa. Super. 1974)). To determine whether an actor's conduct is a substantial factor in causing harm to another, courts consider several factors, including:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it; (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; and (c) lapse of time.

*Willard v. Interpool, Ltd.*, 758 A. 2d 684, 688 (Pa. Super. 2000) (quoting *American Truck Leasing, Inc. v. Thorne Equipment Co.*, 583 A. 2d 1242, 1243 (Pa. Super. 1991)); *see also* Restatement (Second) of Torts § 433. Thus, this Court must decide whether Defendants'

7

conduct, even if a factual or "but for" cause of Plaintiff's injuries, was so trivial that "no ordinary mind would think of it as a case for which a defendant should be held responsible." *Herman v. Welland Chemical, Ltd.*, 580 F. Supp. 823, 827 (M.D. Pa. 1984) (quoting *Ford v. Jefferies*, 379 A. 2d 111, 114 (Pa. 1977)).

1. **Count I – Negligence Claim Against Defendant Peeples**

Applying the standard set forth above, the Court finds that Plaintiff's complaint sufficiently alleges proximate causation to withstand Defendants' motion to dismiss the negligence claim against Defendant Peeples. First, Plaintiff alleges that Defendant Peeples' conduct was one of only two factors contributing to Plaintiff's injuries—the other factor being Defendant McMurtry's conduct. Next, the amount of time which elapsed between Defendant Peeples' conduct and Plaintiff's harm was minimal. Specifically, Plaintiff alleges that his collision with Defendant McMurtry happened "within minutes" of Defendants' negligent conduct in blocking the westbound lanes of traffic, which caused Plaintiff to come to a complete stop on the highway. (ECF No. 1 ¶ 2). Furthermore, the complaint alleges that Defendant Peeples' conduct created a series of forces that were in continuous and active operation up to the time of Plaintiff's harm. Specifically, Plaintiff alleges that Defendant Peeples was driving his truck negligently and that, as a result of his negligent conduct, the truck jackknifed across the westbound lanes of traffic and that within minutes, Plaintiff stopped his snow plow and was then struck in the rear by Defendant McMurtry's truck. Thus, the complaint alleges sufficient facts showing that Defendant Peeples' conduct was a substantial factor in causing harm to Plaintiff to survive the motion to dismiss.

Defendants also contend that Defendant McMurtry's conduct constitutes a superseding cause that excuses Defendants from liability. (*See* ECF No. 10 at 4). Defendants argue that, without Defendant McMurtry's intervening act, Plaintiff would not have been injured. Defendants assert that "it should indeed appear to the court highly extraordinary that Peeples' conduct" would have caused Plaintiff's harm without the intervening negligent act. (*Id.*) Defendants also argue that Plaintiff's injuries are not foreseeable by an "ordinary person" as a result of Peeples' conduct.

"A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Flickinger's Estate v. Ritsky*, 305 A. 2d 40, 41 n. 2 (Pa. 1973) (citing Restatement (Second) of Torts § 440 (1965)). Under Pennsylvania law, the "mere happenstance" of an intervening negligent act will not relieve the original actor from liability. *Herman v. Welland Chemical, Ltd.*, 580 F. Supp. 823, 828 (M.D. Pa. 1984). An intervening act will not be a superseding cause, and thus will not relieve the original actor from liability, if the original actor, at the time of his negligent act, "*should have realized* that another person's negligence might cause harm; or, if *a reasonable man* would not regard the occurrence of the intervening negligence as *highly extraordinary*; or, if the intervening act is not *extraordinarily negligent*." *Id*. (emphasis in original) (citations omitted).

Contrary to Defendants' arguments, Plaintiff's complaint sufficiently alleges facts to state a plausible claim for relief. At this stage in the litigation, the Court accepts the allegations in the complaint as true and construes the facts in favor of Plaintiff, the non-

9

moving party. Here, Plaintiff has alleged sufficient facts to show a causal connection between the actions or inactions of Defendant Peeples and the injuries sustained by Plaintiff.

Among other things, Plaintiff alleges that Defendant Peeples negligently operated his 18 wheel semi-trailer truck in an unsafe manner and at an unsafe speed, under the circumstances, which caused the truck to jackknife. (ECF No. 1 ¶ 15(i)). Plaintiff alleges that Peeples failed to take appropriate and adequate action to move the truck to a position where it was not blocking the westbound lanes of State Route 22. (*Id.* ¶ 15(h)). Plaintiff alleges that Peeples failed to warn oncoming motorists that the westbound lanes of State Route 22 were blocked. (*Id.* ¶ 15(l)). Accepting Plaintiff's allegations as true, this Court finds that Plaintiff has alleged sufficient facts to show that Defendant Peeples' conduct was a substantial factor in causing Plaintiff's injuries and that such injuries were a foreseeable result of Defendant Peeples' negligent conduct. Thus, the facts, as alleged, establish proximate causation as to Defendant Peeples. *See Kalgren v. Huber*, No. 3:2005-cv-07, 2007 WL 674605, at *6 (W.D. Pa. Mar. 1, 2007).

In sum, having evaluated the allegations of the complaint under the applicable test for establishing proximate cause, the Court finds that Plaintiff has alleged sufficient facts to establish a plausible negligence claim sufficient to withstand Defendants' motion to dismiss. Accordingly, Defendants' motion to dismiss the negligence claim in Count I of the complaint is denied at this time, without prejudice to Defendants raising the issue of proximate causation at a later stage in this litigation.

### 2. Count II – Negligence Claim Against Defendant Horizon

Defendants also seek to dismiss Plaintiff's negligence claims against Defendant Horizon in Count II of the complaint for failure to state a claim upon which relief can be granted. Under Pennsylvania law, "an employer is vicariously liable for the negligent acts of his employee which cause injuries to a third-party, provided that such acts were committed during the course of and within the scope of the employment." *Valles v. Albert Einstein Medical Center*, 758 A. 2d 1238, 1244 (Pa. Super. 2000).

In his complaint, Plaintiff alleges that Defendant Horizon is a corporation engaged in the business of interstate transportation of goods. (ECF No. 1 ¶ 5). Plaintiff alleges that Defendant Peeples was an agent and employee of Defendant Horizon and that, during his employment, while "operating an 18 wheel semi-trailer truck owned by Defendant Horizon," the truck jackknifed across the westbound lanes of State Route 22. (*Id*. ¶¶ 5, 10, 11). Plaintiff alleges numerous facts concerning Defendant Horizon's negligent conduct. (*Id*. ¶¶ 26(a)-(q)). Based on these allegations, together with the allegations contained in Count I of the complaint, this Court finds that Plaintiff has alleged sufficient facts to state a plausible claim for negligence against Defendant Horizon. Accordingly, Defendants' motion to dismiss Plaintiff's negligence claim against Defendant Horizon in Count II of the complaint is denied.

### B. Punitive Damages Claims

Defendants also argue that the punitive damages claims in Counts I and II of Plaintiff's complaint should be dismissed because "Plaintiff's claims are for ordinary

negligence, nothing more." (ECF No. 10 at 5). In Pennsylvania, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison v. Luddy*, 870 A. 2d 766, 770 (Pa. 2005) (citations omitted). Because the purpose of punitive damages is to punish a tortfeasor for his outrageous conduct and to deter other similar conduct, the actor's state of mind is vital when considering whether to impose punitive damages. *Id*. "The act, or failure to act, must be intentional, reckless, or malicious." *Id*. The Pennsylvania Supreme Court has explained that, punitive damages must be supported by sufficient evidence that "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard for that risk." *Id*.; s*ee also Courtney v. Ivanov*, No. 3:13-cv-227, 2014 WL 4097351, at *7 (W.D. Pa. Aug. 18, 2014).

### 1. Count I – Punitive Damages Claim Against Defendant Peeples

Defendants assert that Plaintiff's punitive damages claim must be dismissed because Plaintiff's complaint fails to allege sufficient facts to show that the actions of Defendants constituted outrageous conduct or demonstrated wanton and reckless indifference to the safety of Plaintiff. (ECF No. 9 ¶¶ 6-7). Defendants argue that Plaintiff's allegations state a claim for "ordinary negligence, nothing more," and that "a court may not award punitive damages merely because a tort has been committed." (ECF No. 10 at 7).

Accepting the allegations of Plaintiff's complaint as true, this Court finds that Plaintiff's complaint has not alleged sufficient facts to establish a plausible claim for punitive damages against Defendant Peeples. Punitive damages are not an appropriate remedy for mere negligence; rather, in order to justify punitive damages, the negligent conduct needs to be "so egregious that it may fairly be described as outrageous." *Ditzle v. Wesolowsi*, No. 3:05-cv-325, 2006 WL 2546857, at *2 (W.D. Pa. 2006); *Young v. Westfall*, No. 4:06-cv-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007). "[P]untitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious or so careless as to indicate wanton disregard for the rights of the parties injured." *Hutchison*, 870 A. 2d at 770; *see also Young*, 2007 WL 675182 at *2.

In his complaint, Plaintiff alleges, among other things, that Peeples operated his "18 wheel semi-trailer truck at an excessive rate of speed under the circumstances . . . thereby causing it to jackknife" (ECF No. 1 ¶ 15(f)); that Peeples failed to have the truck under "proper control so as to be capable of bringing it to a stop within the assured clear distance ahead, thereby causing it to jackknife" (*id.* ¶ 15(g)); and that Peeples operated his truck "in a manner demonstrating careless disregard for the safety of persons" and "in a careless and negligent manner under the circumstances, specifically given the weather conditions" (*id.* ¶ 15(j), (k)). While these facts support a claim for negligence, they do not rise to the level of outrageous conduct required under Pennsylvania law to warrant punitive damages.

Plaintiff also alleges that Peeples' actions "constituted outrageous conduct and demonstrated wanton and reckless indifference to the safety of the Plaintiff," (*id.* ¶ 23), and "evidenced conscious acts of an unreasonable character and demonstrated disregard of a risk known to him or so obvious to him that he must have been aware of it, and so great as to make it highly probable that harm would follow" (*id.* ¶ 24). However, these allegations are conclusory statements and not factual averments sufficient to state a plausible claim for relief. Thus, based on in the allegations in the complaint, Plaintiff has failed to satisfy the pleading requirements of the rules of procedure to set forth a plausible claim for relief for punitive damages in Count I against Defendant Peeples. Therefore, Defendants' motion to dismiss the punitive damages claim in Count I of the complaint is granted, but Plaintiff will be granted leave to file an amended complaint.

### 2. Count II – Punitive Damages Claim Against Defendant Horizon

Defendants also argue that Plaintiff has failed to allege sufficient facts to establish a plausible claim for punitive damages against Defendant Horizon. Although Pennsylvania has adopted § 908 of the Restatement of Torts for punitive damages, "it has not adopted the standard of § 909 of the Restatement of Torts which limits an employer's liability for punitive damages imposed for the torts of his employee." *Delahanty v. First Pennsylvania Bank, N.A.*, 464 A. 2d 1243, 1264 (Pa. Super 1983). Instead, under Pennsylvania law, a principal may be held vicariously liable for its agent's punitive damages if the agent's actions were clearly outrageous, the actions were committed during and within the scope of the agent's duties, and the actions were done to further the

principal's interests. *See Loughnab v. Consol-Pennsylvania Coal Co.*, 6 F. 3d 88, 101 (3d Cir. 1993) (citing *Delahanty*, 464 A. 2d at 1264).

In his complaint, Plaintiff alleges that Defendant Horizon is a corporation engaged in the business of interstate transportation of goods. (ECF No. 1 ¶ 5). Plaintiff also asserts that Defendant Peeples was an agent and employee of Defendant Horizon, and that during his employment, while "operating an 18 wheel semi-trailer truck owned by Defendant Horizon," the truck jackknifed across the westbound lanes of State Route 22. (*Id.* ¶¶ 5, 10, 11). Additionally, Plaintiff alleges numerous facts regarding Defendant Horizon's failure to "establish or promulgate, or if established and promulgated failed, to enforce sufficient policies protocols and procedures" regarding state regulations on driving time and the maintenance of drivers and vehicles, and regarding Defendant Horizon's failure to adequately train, monitor, and assign driving responsibilities to Defendant Peeples. (*Id.* at ¶ 26). Plaintiff alleges that Defendant Horizon's actions constituted outrageous conduct and demonstrated wanton and reckless indifference to the safety of Plaintiff. (*Id.* ¶¶ 28-29).

Based on the allegations in the complaint, the Court finds that Plaintiff has failed to state a plausible claim for punitive damages against Defendant Horizon. *See Courtney v. Ivanov*, No. 3:13-cv-227, 2014 WL 4097351, at *7 (W.D. Pa. Aug. 18, 2014). Like the claims against Defendant Peeples, Plaintiff has failed to sufficiently allege facts establishing outrageous conduct beyond ordinary negligence to warrant a claim for punitive damages. Therefore, Defendants' motion to dismiss the punitive damages claim

against Defendant Horizon is granted. Plaintiff will be granted leave to file an amended complaint as to the punitive damages claim against Defendant Horizon.

**VI.    Conclusion**

For the foregoing reasons, Plaintiff has alleged sufficient facts to state a plausible claim for relief against both Defendant Peeples and Defendant Horizon for claims of negligence. However, Plaintiff has failed to state a plausible claim for punitive damages against either Defendant. Therefore, Defendants' motion to dismiss Counts I and II of Plaintiff's complaint is denied as to the negligence claims and is granted as to the claims for punitive damages. Plaintiff will be granted leave to amend the complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL McCULLOUGH, | ) | CIVIL ACTION NO. 3:14-123 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| DEREK PEEPLES, HORIZON FREIGHT SYSTEM, INC., RANDALL S. McMURTY and THERESA JUNG t/d/b/a TJ TRANSPORT, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 5th day of March 2015, upon consideration of the motion to dismiss Counts I and II of the complaint (ECF No. 9) filed by Defendants Derek Peeples and Horizon Freight System, Inc., and for the reasons set forth in the accompanying memorandum,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **DENIED in part and GRANTED in part**. Plaintiff's punitive damages claims against Defendant Peeples in Count I and against Defendant Horizon in Count II are dismissed. Plaintiff is granted leave to file an amended complaint as to the punitive damages claims in Counts I and II within twenty-one (21) days of the date of this order.

BY THE COURT:

_/s/ Kim R. Gibson_
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE